**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| LAURENE L. WIDSTRAND, <br> Appellant, | DOCKET NUMBER <br> SF-0845-16-0090-I-1 |
| v. | |
| OFFICE OF PERSONNEL <br> MANAGEMENT, <br> Agency. | DATE: September 14, 2016 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Laurene L. Widstrand, Quartz Hill, California, pro se.

Karla W. Yeakle, Washington, D.C., for the agency.

**BEFORE**

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) that dismissed her request for reconsideration as untimely.   Generally, we grant petitions such as this one only when:   the initial decision contains erroneous

---

[1]  A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law.   Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions.   In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law.   *See* 5 C.F.R. § 1201.117(c).

findings of material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. *See* title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review and AFFIRM the initial decision, which is now the Board's final decision. 5 C.F.R. § 1201.113(b).

## BACKGROUND

¶2      By letter dated April 1, 2015, OPM informed the appellant that she had been overpaid $58,879.92 in disability annuity benefits under the Federal Employees' Retirement System from August 4, 2009, through March 30, 2015, caused by her receiving Social Security Administration disability insurance benefits during that time period. Initial Appeal File (IAF), Tab 4 at 8-12. OPM's letter informed the appellant of her right to request reconsideration of the decision or waiver of the overpayment by May 1, 2015, and the circumstances under which it could grant an extension of this time limit. *Id.* at 9-10. The appellant did not request reconsideration until June 26, 2015, almost 2 months after the deadline. *Id.* at 13-17. On September 21, 2015, OPM issued a final decision denying the appellant's request for reconsideration as untimely, noting that she offered no explanation to justify an extension of the filing deadline. *Id.* at 6-7.

¶3 The appellant filed an appeal with the Board. IAF, Tab 1. After holding a telephonic hearing, the administrative judge issued an initial decision affirming OPM's final decision. IAF, Tab 13, Initial Decision (ID). The administrative judge found that the appellant had received OPM's letter notifying her of the overpayment sometime prior to the end of April 2015, and thus, failed to show that she was not notified of the time limit or otherwise unaware of it. ID at 2-3. The administrative judge further determined that the appellant's testimony that she was stressed and experiencing financial hardship did not constitute circumstances beyond her control that prevented her from making a timely request. ID at 3.

¶4 The appellant has filed a petition for review in which she contends the administrative judge misconstrued testimony concerning when she received OPM's April 1, 2015 letter. Petition for Review (PFR) File, Tab 1 at 3. The agency has filed a response in opposition to the appellant's petition. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5 By regulation, a request for reconsideration of an OPM decision finding that an individual has been overpaid in annuity benefits must be postmarked within 30 calendar days of the date of the initial decision. 5 C.F.R. § 831.1304(b)(1). OPM may extend the time limit for filing a request for reconsideration when the individual shows that she was not notified of the time limit and was not otherwise aware of it, or that she was prevented by circumstances beyond her control from making the request within the time limit. *Id.*; 5 C.F.R. § 831.109(e)(2); *see Cerezo v. Office of Personnel Management*, 94 M.S.P.R. 81, ¶ 7 (2003).

¶6 The Board will reverse an OPM decision denying reconsideration only if it finds that OPM's denial was unreasonable or an abuse of discretion. *Meister v. Office of Personnel Management*, 52 M.S.P.R. 508, 513 (1992). If the appellant fails to show that she was not notified of the time limit and was not otherwise

aware of it, or that she was prevented by circumstances beyond her control from making the request within the time limit, the Board will not reach the issue of whether OPM was unreasonable or abused its discretion in denying her untimely request for reconsideration. *Cerezo*, 94 M.S.P.R. 81, ¶ 9.

¶7        Here, the administrative judge found that the appellant offered conflicting testimony concerning the reason for her untimely request for reconsideration in that the appellant claimed both that she did not receive OPM's April 1, 2015 letter because her mail was being held as a result of her moving from Lancaster, California to Palmdale, California, and also that her moving to Palmdale, California, was necessitated by the fact that she had received OPM's letter and determined that she could no longer afford to live at her residence in Lancaster, California.  ID at 2.  The administrative judge instead credited testimony of the appellant's mother and son that the appellant had received OPM's letter prior to moving from Lancaster, California to Palmdale, California, at the end of April 2015.  ID at 2-3.  On review, the appellant contends that this is incorrect and that her mother, son, and she all testified that she received OPM's letter after she moved into her Palmdale, California residence at the end of April 2015.[2]  PFR File, Tab 1 at 3.

¶8        We have reviewed the hearing testimony and discern no error with the administrative judge's findings.  As the administrative judge determined, the

---

[2] The appellant also contends that the administrative judge failed to mention her testimony concerning her subsequent move from Palmdale, California to Quartz Hill, California, and her testimony concerning her mail carrier handing her a letter from OPM.  PFR File, Tab 1 at 3-4.  However, an administrative judge's failure to mention all of the evidence of record does not mean that she did not consider it in reaching her decision. *See Marques v. Department of Health & Human Services*, 22 M.S.P.R. 129, 132 (1984), *aff'd*, 776 F.2d 1062 (Fed. Cir. 1985) (Table).  On review, the appellant also references a document she received from OPM on September 22, 2015, which appears to be OPM's September 21, 2015 final decision.  PFR File, Tab 1 at 4; *see* IAF, Tab 1 at 5.  The date the appellant received OPM's final decision, however, is immaterial to the issue of whether she has shown that the regulatory time limit in 5 C.F.R. § 845.204(b)(1) should be waived.

appellant's mother and son both testified that the appellant had received OPM's letter prior to moving to Palmdale, California, at the end of April 2015. ID at 2-3; IAF, Tab 12, Hearing Compact Disc. Thus, we agree with the administrative judge that the appellant failed to show that she was not notified of the time limit and was not otherwise aware of it. ID at 3. In addition, we agree with the administrative judge that the appellant's assertions that she was experiencing stress and financial hardship did not demonstrate that circumstances beyond her control prevented her from making a timely request for reconsideration.[3] ID at 3; *see Meister*, 52 M.S.P.R. at 515-16 (affirming OPM's denial of an appellant's request for reconsideration as untimely wherein he proved that his medical problems interfered with his ability to file on time but not that he was prevented from doing so within the meaning of 5 C.F.R. § 831.109(e)(2)). Accordingly, we affirm the initial decision.

## NOTICE TO THE APPELLANT REGARDING YOUR FURTHER REVIEW RIGHTS

You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit. You must submit your request to the court at the following address:

United States Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, DC 20439

---

[3] Because the appellant did not show that she was unaware of the time limit or that she was prevented by circumstances beyond her control from making the request within the time limit, the administrative judge should not have reached the issue of whether OPM was unreasonable or abused its discretion. *Cerezo*, 94 M.S.P.R. 81, ¶ 9. To the extent the administrative judge found that OPM's decision was not unreasonable or an abuse of discretion, ID at 3, any such error does not provide a basis for reversal, *see Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights provides no basis for reversal of an initial decision).

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the United States Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the United States Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:                  _____
                                Jennifer Everling
                                Acting Clerk of the Board

Washington, D.C.